IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

UNITED STATES OF AMERICA        :
                                :
        vs.                     :
                                :
ZAQUANN ERNEST HAMPTON          :    2:16 – CR – 122


Sentencing in the above-captioned matter held on Tuesday, November 28, 2017, commencing at 1:47 p.m., before the Hon. David C. Norton, in the United States Courthouse, Courtroom II, 81 Meeting St., Charleston, South Carolina, 29401.


APPEARANCES:

  LESHIA LEE-DIXON, ESQ., Office of the U.S. Attorney, 1301 New York Ave. NW, Washington, DC, appeared for the Government.

  DAVID P. McCANN, ESQ., P.O. Box 2344, Mt. Pleasant, SC, appeared for defendant.


REPORTED BY DEBRA L. POTOCKI, RMR, RDR, CRR
Official Court Reporter for the U.S. District Court
P.O. Box 835
Charleston, SC  29402
843/723-2208

1       MS. LEE-DIXON:  This is Case No. 2:16-CR-122, United
2  States versus Zaquann Ernest Hampton.  He's here today for
3  sentencing with his defense counsel, David McCann.
4       THE COURT:  Y'all ready to go?
5       MR. McCANN:  Yes, sir.
6       THE COURT:  Okay.  Any objections still?
7       MR. McCANN:  No.  They've been resolved, Judge, thank
8  you.
9       THE COURT:  Thank you.
10    Okay.  Mr. Hampton pleaded guilty back on January 23rd and
11  I accepted his plea at that time.  I then asked the probation
12  office to prepare a presentence report, which has been
13  prepared and submitted to both counsel for the Government and
14  the defendant.
15    It's my understanding everybody has had plenty of time to
16  go over the presentence report and there are no objections to
17  it.  Is that correct?
18       MR. McCANN:  Yes, sir.
19       MS. LEE-DIXON:  Your Honor, the only typographical
20  changes we would ask is the same in the last case as relates
21  to the listing the charges or the charges of conviction for
22  the other defendants.
23       THE COURT:  All right.  Besides that, nothing else?
24       MS. LEE-DIXON:  No, Your Honor.
25       THE COURT:  Okay.  All right.  Mr. Hampton, have you

1  had plenty of time to go over your presentence report with
2  your lawyer?
3          THE DEFENDANT:  Yes, sir.
4          THE COURT:  Inasmuch as all parties have had access
5  to the report and there are no objections to it, I'll ask the
6  clerk to file the report under seal.  In the event of an
7  appeal, the clerk will make the report available to counsel
8  for appellate purposes.  Additionally, the probation office
9  made a recommendation which will remain under seal until
10 further order of the Court.
11    In view of the fact there are no objections to the facts
12 contained in the presentence report, I'll adopt those
13 statements as the findings of fact for the purposes of
14 sentencing.
15    Having done so, it looks like it's offense level 26,
16 criminal history category three, which is 98 to -- 78 to 97
17 months imprisonment, one to three years supervised release,
18 12,500 to $125,000 fine, $12,365.04 in restitution and $100
19 special assessment.
20    Does anyone have any objection the facts which have been
21 adopted for the purposes of sentencing or the guideline
22 ranges?
23          MR. McCANN:  No, sir.
24          MS. LEE-DIXON:  No, Your Honor.
25          THE COURT:  Government has filed a position on

1  sentencing report; do you want to say anything else?  I mean,
2  I've read it, it's in the file.
3          MS. LEE-DIXON:  No, Your Honor, I think you're well
4  versed in the facts of this case, as well as Mr. Hampton's
5  history.  We would just ask the Court to impose a sentence of
6  88 months.
7          THE COURT:  Okay.  All right, Mr. McCann, I'll be
8  glad to hear from you, and Mr. Hampton, if he wants to say
9  anything.
10         MR. McCANN:  Your Honor --
11         THE COURT:  And I've read your stuff, too.
12         MR. McCANN:  Yes, sir.  Here today is my client's
13 mother, Zelda Brown, and Miss Carter who sit behind me, who is
14 the mother of their child referenced in the presentence
15 report.
16      Your Honor, in my motion for a downward variance, I point
17 to several things.  One is that this is the first felony
18 conviction for this man.
19         THE COURT:  How is that?
20         MR. McCANN:  Say again?
21         THE COURT:  I mean, I think there's a felony
22 conviction for 2000 -- paragraph 47, a 2011 pistol violation.
23         MR. McCANN:  That was a misdemeanor, Judge, I
24 believe.  State misdemeanor.
25         THE COURT:  He got a --

1           MR. McCANN: I'm pretty sure it's a misdemeanor,
2   Judge.
3           THE COURT: I don't know whether they do misdemeanors
4   in General Sessions or not; I don't know. He got a one-year
5   sentence, which seems to me, at least under the federal
6   definition, that would be a felony.
7           MR. McCANN: Well, I think it carries up to a year,
8   or up to six months, so it's not a felony. And I researched
9   that issue on other cases.
10          THE COURT: Okay. Then I'll agree with you because
11  they changed it since I was in your business, they changed
12  everything a lot, so I'll take your word for it.
13      Yes, ma'am?
14          MS. LEGETTE: Your Honor, in State Court the unlawful
15  carrying actually is a misdemeanor.
16          THE COURT: I know we have ten-year misdemeanors in
17  South Carolina. Okay. Good.
18          MR. McCANN: Thank you. And he was 18 at the time of
19  this offense, Your Honor. He was 18 at the time of the
20  commission of this offense, Your Honor, by line with
21  probation, and in my motion, the jail time that he spent in
22  this is somewhere close to 19 to 20 months in jail time.
23      Your Honor, he has a child, as you well know. He has
24  limited education. But in the long time that I've known him,
25  he's got some given capabilities. He speaks well, he reads

1   well.  When I was going over some complicated documents
2   negotiating this plea, he had his copy, read along with me,
3   there was no -- he asked intelligent questions.  So he has
4   some potential.
5       Your Honor, we are going to request that you recommend to
6   the Bureau of Prisons that he be sent to Fort Dix, Virginia.
7   I'm sorry, New Jersey.
8           THE COURT:  All right.
9           MR. McCANN:  They didn't move it.  Fort Dix, New
10  Jersey.  He has relatives in the New York area.
11          THE COURT:  I'll recommend that.
12          MR. McCANN:  Thank you.  Also, he does have a history
13  of alcohol abuse.  Not alcohol abuse, drug abuse, and we would
14  ask the Court to recommend that he be placed in that -- the
15  abbreviations are DAP, the 500-hour drug program, and that
16  somehow he get some vocational training while he's at Fort
17  Dix, if that's where he goes.
18          THE COURT:  Okay.
19          MR. McCANN:  Your Honor --
20          THE COURT:  If he qualifies.  I don't know whether he
21  qualifies.  Crime of violence, you usually don't qualify for
22  the 500-hour drug treatment program, but they change the rules
23  on that all the time, too.
24          MR. McCANN:  If it can be recommended.
25          THE COURT:  Sure, I recommend it, no problem.  Can't

1  hurt.

2        MR. McCANN:  He'll try to work it out when he gets
3  there.

4     Your Honor, this has been a strange case, and that's no
5  news to the Court, especially on sentencings.  I would ask the
6  Court in passing sentence on my client to consider going below
7  the -- for the reasons I've stated, below the minimum of the
8  range of 78 months.  Other sentences for behavior, equal to
9  his or maybe greater, receive less sentences.  I realize he
10 had nothing to do with that, but that's the facts in this
11 case.

12    Your Honor, he's 23 now, got his life ahead of him, has a
13 responsibility when he gets out.

14    I'd ask the Court to consider putting him below the
15 statutory -- not the statutory guidelines, but below the
16 guidelines that are in front of the Court.

17    Miss Brown, his mom, doesn't wish to speak to the Court,
18 she's here to support her son.  Miss Carter is here likewise
19 to support the father of her child.

20    My client, however, would like to address you, Your Honor.

21       THE COURT:  Sure.  I'll be glad to hear from you.

22       THE DEFENDANT:  Your Honor, I know what I did was
23 wrong, and I accept responsibility for my actions and take my
24 consequences like a man.  I just ask you to be as lenient on
25 account my sentencing, if I can get back home to my family as

1    soon as possible.  I would like to go out there and get me a
2    trade and my GED. so I can better myself when I come home and
3    take care my child.  Because the lifestyle I was living wasn't
4    right, and I want to put this behind me and move forward.
5         THE COURT:  Okay.  Anything else, Mr. McCann?
6         MR. McCANN:  That's it, Judge, thank you.
7         THE COURT:  Anything else from the Government?
8         MS. LEE-DIXON:  Just for the record, Your Honor, as
9    it relates to any variance, the Government would submit
10   there's not a basis for a variance in this particular case.
11   This may be his first felony offense, but it's not his first
12   offense where he has a propensity to carry and use firearms.
13      There were some serious injuries to the victim in this
14   case.  And he has a long-standing history with the Cowboys.  I
15   would ask the Court to sentence him as requested.
16        THE COURT:  All right.  Anything else, Mr. McCann?
17        MR. McCANN:  That's it, Your Honor, thank you.
18        THE COURT:  Okay.  In coming to this sentence I've
19   analyzed the factors of 18 United States Code 3553(a).  First
20   factor is the nature and circumstances of the offense.  He
21   pled guilty to an armed robbery shooting.  I mean, he went
22   in -- and went in to rob a drug dealer for some money for
23   drugs or both, shot him three times.  In State Court, if he
24   had died, that would have been a death penalty case, first
25   degree murder case.  And with the plea he got, he didn't have

1     a first degree murder cross-reference.

2         The history and the characteristics of defendant, he had
3     another pistol case, he violated his probation every time,
4     maxed out on probation, he was expelled three times from
5     school, he's never had a job, he's got no skills, he's got no
6     education, and he's got an anger problem.

7         The sentence factors reflects the seriousness of the
8     offense.  I mean, shooting somebody three times is almost as
9     serious as you can get.  And luckily enough for him, the
10    victim lived.

11        Promote respect for the law.  I think we'll promote
12    respect for the law obviously.  The first time that
13    Mr. Hampton got in trouble, he didn't take any lessons from
14    that, because he violated his probation and he maxed out on
15    his probation.

16        Provide just punishment.  We'll find out this week, just
17    punishment is in the eye of the beholder.  What I think is
18    just punishment is not what Mr. McCann thinks is just
19    punishment which is not what the Government thinks is just
20    punishment.

21        Provide adequate deterrence.  Obviously incarcerating him
22    will deter him from any such action in the future.

23        And to protect the public from further crimes.  I mean, as
24    one of your co-counsel said about Walterboro, it was a war
25    zone.  And it was a war zone from the Cowboys shooting at the

1  Wild Boys and the Wild Boys shooting at the Cowboys and the
2  Dooley Hill Boys and the East Side Boys and everybody shooting
3  everybody else and innocent people getting killed.  Okay?  Not
4  that he had something to do with that, but he was a
5  participant in that, he was a member of the gang.  I don't
6  have -- he's pleading guilty to just that one count, which is,
7  you know, very serious.  Shooting somebody three times is very
8  very serious, and you need to -- the public needs to be
9  protected from gangs using guns to settle grudges.
10      To provide him with educational/vocational training.  He
11 needs to get his GED.  As you said, if he reads, he can get
12 his GED.  That's one of the main things somebody who knows how
13 to read and can read and can understand, obviously has enough
14 intelligence to get his GED.  When he's incarcerated,
15 hopefully he'll have some vocational training, so he'll have
16 the skill, because he's never had a job.  And when he gets
17 out, he's got a child to support, he's going to have to get a
18 job.  Hopefully his incarceration will get him the skills for
19 a job.  He also needs to work on his anger management, okay?
20 And the drug or alcohol abuse, too.  So those are the factors.
21      And, you know, you said something about the disparity in
22 the sentences, and some of these people are going to be
23 sentenced for drive-by shooting where nobody was hurt, as
24 opposed to somebody who is being sentenced for somebody who
25 did shoot actually somebody three times.

1          So it's the judgment of the Court the defendant, Zaquann
2     Ernest Hampton, is hereby committed to the custody of Bureau
3     of Prisons to be imprisoned for a term of 84 months.  He
4     should receive the credit for seven months served in state
5     custody for this offense and -- Okay.  And whatever other, you
6     know, whatever he has while he's been incarcerated for the
7     federal sentence.  Okay?  One hundred dollar special
8     assessment, restitution of 12,365.04.
9          While on release, supervised release for three years,
10    shall comply with the mandatory standard conditions, following
11    special conditions.  Shall pay remaining restitution at the
12    rate of no less than $100 per month beginning 90 days from
13    release.  Payments to Clerk, United States District Court,
14    P.O. Box 835, Charleston, 29402.  Interest is waived.
15    Payments can be adjusted depending on his ability to pay.
16    Shall be subject to placement in the financial litigation unit
17    wage garnishment program for the purpose of collecting
18    restitution, if deemed necessary.  Shall provide the probation
19    office with access to any and all requested financial
20    information, including but not limited to income tax returns.
21    Prohibited from opening any lines of credit without the prior
22    written approval of the probation office.  Shall participate
23    in a program of testing for substance abuse as approved by the
24    probation office, and shall contribute to the cost of such
25    testing deemed reasonable by the probation office's sliding

1     scale for services, and cooperate in securing any applicable
2     third-party payment such as insurance or Medicaid.
3         Okay.  Does anyone have any objection to the form of that
4     sentence?
5              MS. LEE-DIXON:  No, Your Honor.
6              MR. McCANN:  No, sir.
7              THE COURT:  Are we dismissing some other charges?
8              MS. LEE-DIXON:  I believe count three, Your Honor, we
9     move to dismiss.
10             THE COURT:  Now, Mr. Hampton, like I told everybody
11    else, when you go back to Walterboro you're going to be on
12    supervised release, all right?  And when you're on supervised
13    release, like I told you in your plea, you're restricted to
14    places you can go and the things you can do.  If you violate a
15    condition of supervised release or you get back into this gang
16    life or you get in something like that, they're going to catch
17    you, and you're going to be brought back in front of me, then
18    you're going to go back to jail.  So how about learn a lesson
19    this time.
20             THE DEFENDANT:  Yes, sir.
21             THE COURT:  Because the first time you were on
22    probation you kind of blew it off.  If you blow it off this
23    time, you know, there's a lot of people in Walterboro that are
24    going to complain, and they're going to know you're doing it.
25    How about support your child, go back to your mama, go back to

1  your fiancée and live a straight life when you get out, okay?
2  Hopefully you'll have the skills to do that.
3      You've got 14 days from today to appeal from this
4  sentence.  If you can't afford a lawyer, I'll appoint
5  Mr. McCann to represent you.  Good luck.
6          MR. McCANN:  Thank you, Judge.

8      (Court adjourned at 2:01 p.m.)

```
 1                    REPORTER'S CERTIFICATION
 2
 3          I, Debra L. Potocki, RMR, RDR, CRR, Official Court
 4   Reporter for the United States District Court for the District
 5   of South Carolina, hereby certify that the foregoing is a true
 6   and correct transcript of the stenographically recorded above
 7   proceedings.
 8
 9
10
     S/Debra L. Potocki
11   _____
12   Debra L. Potocki, RMR, RDR, CRR
13
14
15
16
17
18
19
20
21
22
23
24
25
```